# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| ANTHONY ROSS, ) | |
| ) | |
|        Plaintiff, ) | |
| ) | |
| v. ) | Case No.: _____ |
| ) | |
| PURE FISHING, INC., ) | |
| ) | |
|        Defendant. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Pure Fishing, Inc. ("Pure Fishing") hereby removes the above-captioned case from the Circuit Court of Platte County, State of Missouri, to the United States District Court for the Western District of Missouri. In support of this Notice, Pure Fishing states as follows:

    1.    On May 24, 2023, Plaintiff Anthony Ross ("Plaintiff") commenced a civil action captioned *Anthony Ross v. Pure Fishing, Inc.*, Case No. 23AE-CC00155, in the Circuit Court of Platte County, State of Missouri. Pure Fishing attaches a copy of Plaintiff's Petition ("Petition") and the entire state court file as Exhibit A. These papers constitute all process, pleadings, and orders served.

    2.    On May 24, 2023, Plaintiff's counsel notified Pure Fishing's counsel via e-mail that Plaintiff had filed the Petition. Pursuant to 28 U.S.C. § 1446(b), Pure Fishing timely files this Notice of Removal within 30 days after Pure Fishing received it, "through service or otherwise."

1

3. Plaintiff's Petition asserts claims against Pure Fishing pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq. See* Ex. A, Petition.

I. **THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS LAWSUIT.**

4. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Title VII claims against Pure Fishing. Therefore, Plaintiff's Title VII claims are removable pursuant to 28 U.S.C. § 1441(a).

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's MHRA claims against Pure Fishing, as the claims form part of the same case or controversy. Therefore, Plaintiff's MHRA claims are removable pursuant to 28 U.S.C. § 1441(c).

II. **THIS COURT HAS DIVERSITY JURISDICTION OVER THIS LAWSUIT.**

6. Pursuant to 28 U.S.C. § 1332, this Court also has diversity jurisdiction over Plaintiff's claims against Pure Fishing, as the parties exhibit complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. A defendant may remove an action based on diversity of citizenship jurisdiction if there is complete diversity between all named plaintiffs and all named defendants, and no properly named defendant is a citizen of the forum state. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

8. Citizenship of the parties is determined by their citizenship status at the commencement of the action. 28 U.S.C. § 1332(d)(7).

9. Plaintiff alleges in his Petition that he "is an individual residing in Jackson County, Missouri." *See* Ex. A, Petition ¶ 1. Upon information and belief and based on his pleading, and based on Pure Fishing's records of Plaintiff's residence during his prior

employment with Pure Fishing, Pure Fishing asserts that Plaintiff is a citizen of the State of Missouri. *Id.*

10. Plaintiff named only one defendant, Pure Fishing, in his Petition. *See* Ex. A, Petition ¶ 2.

11. A corporation is a citizen of any state where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c).

12. A corporation's principal place of business is determined by the "nerve center" test, which looks to where the corporation maintains its corporate headquarters and where the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 90–94 (2010).

13. Pure Fishing is a corporation incorporated in the state of Iowa with its principal place of business located at 7 Science Court, Columbia, South Carolina, 29203. *See* Ex. A, Petition ¶ 2.

14. For purposes of 28 U.S.C. §§ 1332, 1441, and 1446, Pure Fishing is therefore a citizen of Iowa and South Carolina.

15. Because Pure Fishing is the sole defendant, no properly joined and served defendant is a resident of Missouri.

16. Accordingly, complete diversity of citizenship exists here.

17. Section 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). To demonstrate that the jurisdictional amount has been met, a removing party need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper on the basis of an amount in controversy . . . if the district court finds, by

the preponderance of the evidence, that the amount in controversy exceeds [$75,000]."); *see also Jarrett v. Henkel Corp.*, No. 4:15-CV-0832-DGK, 2016 WL 407301, at *1 (W.D. Mo. Feb. 2, 2016) (holding a "removing party need not prove that 'the damages *are* greater than the requisite amount,' but that 'the claims . . . could, that is might, legally satisfy the amount in controversy requirement.'" (quoting *James Neff Kramper Fam. Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005))).

18. The amount in controversy in this case exceeds $75,000. Plaintiff seeks "garden variety damages, medical costs and damages, emotional distress damages, lost wages including front and back pay and other benefits, other pecuniary and non-pecuniary damages, reasonable attorneys' fees and costs necessary for litigation." *See* Ex. A, Petition ¶ 84. Plaintiff also seeks punitive damages. *See id.*

19. Plaintiff's claimed lost wages alone satisfy the jurisdictional amount. Plaintiff alleges that his employment was terminated effective immediately on August 4, 2022. *Id.* at ¶ 70. Plaintiff's wage rate at the time of his separation was $19.00/hour. *See* Exhibit B, Declaration of Tina Eakes. This amount does not include shift differential of $1.00, for which Plaintiff was eligible.

20. To date, Plaintiff has accrued 46 weeks of alleged back pay damages, or approximately $34,960.00. Through a trial in approximately 18 months after removal, Plaintiff will have accrued up to approximately ***$94,240.00 in alleged lost back pay alone***. These calculations do *not* include *any* estimation of overtime, bonuses, shift differential, potential pay increases, and/or the value of any fringe benefits, which add to that amount.

21. In addition, punitive damages are available for causes of action alleging discrimination in employment. 42 U.S.C. § 1981a. Punitive damages also may be included in

determining the amount in controversy. *See Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (holding punitive damages "must be considered to the extent claimed in determining jurisdictional amount").

22. It also is proper to consider the availability of attorneys' fees for purposes of determining the amount in controversy, where such fees are available pursuant to statute. *See Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017) (holding statutory attorneys' fees "count toward the jurisdictional minimum for diversity jurisdiction" (internal citations and quotations omitted)).

23. Attorneys' fees are available to a prevailing party under both Title VII and the MHRA. *See* 42 U.S.C. 2000e-5(k) *and* Mo. Rev. Stat. § 213.111.2.

24. Even a relatively modest award of actual damages under Title VII or the MHRA can lead to significant prevailing party attorneys' fees. For example, in the case of *Wallace v. DTG Ops., Inc.*, 563 F.3d 357, 359 (8th Cir. 2009), the appellate court affirmed an award of $220,000 in attorneys' fees, even though the plaintiff recovered only $10,000 in lost wages and benefits and $20,000 in "additional compensatory damages." *Id.*

25. When Plaintiff's alleged lost wages, benefits, punitive damages, and attorneys' fees are taken into consideration, the amount in controversy in this matter plainly exceeds $75,000.00. Pure Fishing denies Plaintiff is entitled to any such recovery and expects that it will prevail fully in this matter. However, as a threshold jurisdictional issue, "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

26. Accordingly, this Court has original subject matter jurisdiction over this action based on 29 U.S.C. § 1332(a) because there is complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## III. VENUE AND PROCEDURAL MATTERS

27. The United States District Court for the Western District of Missouri, St. Joseph Division, is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

28. No claim in this matter has been made non-removable by statute.

29. Pure Fishing reserves the right to amend or supplement this Notice of Removal.

30. By filing this Notice of Removal, Pure Fishing does not waive any defenses that may be available.

31. Upon filing this Notice of Removal, Pure Fishing will provide written notice to Plaintiff and file a copy of this Notice of Removal with the Clerk of Circuit Court of Platte County, State of Missouri.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: */s/ Jacqueline K. Coffman*
    Kaytlin E. Kopen, MO #67437
    Jacqueline K. Coffman, MO #72750
    8001 Forsyth Blvd., Ste. 1500
    St. Louis, Missouri 63105
    Telephone: (314) 480-1500
    Facsimile: (314) 480-1505
    kayt.kopen@huschblackwell.com
    jackie.coffman@huschblackwell.com

*Attorneys for Defendant Pure Fishing, Inc.*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 22, 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served via First Class Mail, postage prepaid, and email:

Sarah C. Liesen, MO #65331
208 W. Linwood Blvd.
Kansas City, MO 64111
Tel: (816) 301-4056
Fax: (816) 463-8449
sliesen@elmlawkc.com

*Attorney for Plaintiff Anthony Ross*

                 */s/ Jacqueline K. Coffman*